IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALVIN HUGHES, )  ID # 10032898, )  Plaintiff, ) | | |
| vs. ) | No. 3:11-CV-352-K-BH | |
| ) | | |
| CITY OF DALLAS, ) | | |
| Defendant. ) | Referred for Pretrial Management | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed.

## I. BACKGROUND

Plaintiff sues the City of Dallas (the "City") for employment discrimination under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1983. (doc. 13, p. 1.)[1] He alleges that the City fired him in March 2009 because he is on dialysis. (doc. 1, p.2; doc. 13, pp. 9-10.) He claims that after he passed an annual physical examination at work in March 2009, the City referred him to a doctor who told him that the City had a new policy of no longer hiring people on dialysis. (doc. 1, p. 4.) The City allegedly "rehired" everyone else but him. (doc. 13, p. 7.)

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*,

---

[1] Plaintiff's answers to the Magistrate Judge's Questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. TITLE VII DISCRIMINATION CLAIM

Plaintiff's Title VII claim appears to be based on his allegation that the City terminated him because he was on dialysis.

Title VII of the Civil Rights Act prohibits discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Before an individual can pursue a Title VII claim in federal court, he must exhaust his available administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). The complainant must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged unlawful practice occurred, or with a parallel state or local agency within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg College*, 535 U.S. 106, 109 n. 1 (2002). The timely filing of a charge is a prerequisite to maintaining a Title VII

2

action. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n. 4 (1977); *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006). If the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a right-to-sue letter informing the party that it has a right to sue in federal court within 90 days of the receipt of the letter. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (citing 29 C.F.R. § 1601.19(a)). Receipt of a right-to-sue letter is a condition precedent, not a jurisdictional prerequisite, to bringing a Title VII action in federal court. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1216 (5th Cir. 1982).

Here, Plaintiff admits that he has neither filed a charge of discrimination nor received a right-to-sue letter. While he claims that he attempted to file a charge with the EEOC by sending a letter to an EEOC investigator on December 7, 2010, he made that attempt outside the 180-day period for filing an EEOC charge. Notwithstanding the lack of exhaustion and untimeliness, Plaintiff does not allege that the City discriminated against him based on a protected characteristic enumerated in Title VII, such as race, color, religion, sex, or national origin. He has therefore also failed to state a discrimination claim under Title VII. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (to establish a prima facie case of Title VII discrimination, a plaintiff must show, among other things, membership in a protected group).

### IV. ADA DISCRIMINATION CLAIM

Plaintiff's ADA claim is also based on his allegation that the City terminated him because he was on dialysis.

The ADA prohibits a covered entity from discriminating against a qualified individual with

3

a disability because of that disability. 42 U.S.C. § 12112(a). Before filing suit against an employer for a violation of the ADA, an employee must comply with the ADA's administrative prerequisites. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). The ADA incorporates by reference the procedures applicable to actions under Title VII. *See id.* (citing 42 U.S.C. § 12117(a)). Accordingly, a plaintiff must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unemployment practice, and receive a right-to-sue-letter before filing suit. *See id.* (citing 42 U.S.C. § 2000e-5(e)(1)). As noted, Plaintiff failed to timely file a charge with the EEOC or a parallel state or local agency and has failed to receive a right-to-sue letter. Even if considered as a charge, his letter to an EEOC investigator on December 7, 2010, was outside the 180-day period for filing an EEOC charge. He has therefore failed to timely exhaust his administrative remedies with respect to his ADA claim as well, and it should also be dismissed.

## V. SECTION 1983 CLAIM

Plaintiff's § 1983 claim appears to also be based on his allegations that the City fired him because he was on dialysis and that it had a new policy of no longer hiring people on dialysis.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts showing that he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). A municipality may be liable under § 1983 if the execution of one of its customs

4

or policies deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690-91 (1978). The plaintiff must show an "underlying claim of a violation of rights" as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). "Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). In order to state a municipal liability claim under § 1983, a plaintiff must allege facts showing that a policy or custom existed and that such custom or policy was the cause in fact or moving force behind a constitutional violation. *See McClure v. Biesenbach*, 355 F. App'x 800, 803-04 (5th Cir. 2009).

Here, even though Plaintiff generally asserts that the doctor informed him of the City's policy of not hiring people on dialysis, he fails to specifically allege the elements of a municipal liability claim under § 1983. He does not allege a custom or a specific policy officially adopted and promulgated by the City's lawmaking officers or by an official who had been delegated law-making authority, and he fails to allege a constitutional violation whose moving force was the policy or a custom. His allegation that the doctor informed him of the City's new policy of no longer hiring

5

people on dialysis is, at best, conclusory, and is not detailed or specific enough to raise his right to relief above the speculative level, or to nudge his claim of municipal liability across the line from conceivable to plausible. *See id.*; *Twombly*, 550 U.S. at 570. Because his complaint lacks the required specificity, it has failed to state a claim for municipal liability under § 1983.

## VI. RECOMMENDATION

Plaintiff's action should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) based on his failure to timely exhaust his administrative remedies and to state a claim upon which relief can be granted. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 6th day of June, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                          _____
                          IRMA CARRILLO RAMIREZ
                          UNITED STATES MAGISTRATE JUDGE